## McReynolds v. McReynolds et al.

WIDOW'S DISTRIBUTIVE SHARE: EVIDENCE TO SUPPORT DECREE.

*Appeal from Wapello District Court.*

MONDAY, MARCH 7, 1887.

THE plaintiff, as widow of Solomon McReynolds, deceased, brings this action in equity against the heirs of the decedent for the purpose of obtaining her

distributive share in certain land of which he died seized, and in certain other land, a part of which stands in the name of the defendant M. M. L. McReynolds, and part in the name of the defendant Marsha Tracy, but which she avers also belongs to the estate of the decedent. The court decreed her a distributive share in the land standing in the name of the decedent at the time of his death, but denied her any share in the land standing in the name of the others. Both the plaintiff and the defendants appeal, the latter perfecting their appeal first.

*Stiles & Beaman*, and *W. W. Corey*, for appellants.

*McNett & Tisdale* and *H. B. Hendershott*, for appellee.

ADAMS, CH. J.—In 1862 the plaintiff married the decedent Solomon Mc-Reynolds, the latter being somewhat advanced in years, and both having been married before and having adult children. The defendant M. M. L. McReynolds, son of the decedent, was opposed to the marriage from the beginning, and the union, while it subsisted, appears to have been full of trouble, and has resulted in a large amount of expensive litigation.

At the time of the marriage the parties had entered into an ante-nuptial agreement. It is not necessary to set out the terms of it. It is sufficient to say that it was drawn with the view of giving the plaintiff somewhat less than she would receive as her distributive share in the absence of an agreement. It is not important to inquire with what feeling it was entered into between the parties, but we infer that it was insisted upon by the decedent, and with the view, perhaps, in part, of conciliating his son, M. M. L. McReynolds, but that it was never satisfactory to the plaintiff. The evidence tended to show that it was not contemplated, even in the beginning, as certainly a final arrangement, but that the decedent had in mind that, after he had made some provision for his children, he would destroy the agreement, and have the plaintiff take her distributive share.

Whether it was in fact destroyed is one of the controverted questions in this case. The evidence is conflicting. There is considerable direct and positive testimony that it was destroyed. But a portion of the witnesses are interested, and there is a great variety of circumstances tending in a greater or less degree to show the improbability of its destruction, and some evidence tending to impeach the character of the interested witnesses for truth and veracity. A very large amount of testimony was taken, and the printed abstract presented to us contains nearly three hundred pages. The case has evidently been tried with great thoroughness, and perhaps not without some feeling even, on the part of counsel. The arguments are exhaustive, and display the ability characteristic of the counsel. We may say also that the great variety of facts and circumstances testified to, some having much and some very little bearing upon the case, and the conflict of the testimony, have afforded the counsel a great scope for argument. This being the character of the case, it would not only be contrary to our custom, but impracticable, to set out the evidence relied upon by either party, and adduce the reasoning by which one conclusion is reached rather than the other. The correctness of neither one of the main propositions of fact contended for could be demonstrated in such a way as to satisfy the unsuccessful party.

We have, then, to say that, after the best examination which we have been able to give the evidence and the argument of counsel, we have united in the conclusion that there is a preponderance in support of both branches of the decree, and that on both appeals the case must be

AFFIRMED.